(No. 25118.—)

THE PEOPLE *ex rel.* John E. Cassidy, Attorney General,
Petitioner, *vs.* HARRY M. FISHER, Judge, Respondent.

*Opinion filed October 10, 1939.*

JOHN E. CASSIDY, Attorney General, (A. B. DENNIS, of counsel,) for petitioner.

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAMBERG, of counsel,) for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

The People, on the relation of the Attorney General, filed an original petition in this court for a writ of *mandamus* requiring Harry M. Fisher, as judge of the circuit court of Cook county, to expunge an order entered on January 24, 1939, in a *habeas corpus* proceeding, releasing Ben Cutler on bond and continuing the cause to May 25, 1939. The petition further prays that respondent be required to enter an order commanding the managing officer of the Illinois Security Hospital at Menard to take Cutler into custody and imprison and hold him under an order of the county court of Cook county committing him to the Dixon State Hospital as a feeble-minded person. Respondent filed a motion to strike the petition and dismiss the cause. Thereafter, on June 13, 1939, while this proceeding was pending, respondent filed a motion to dismiss the cause for want of an actual controversy, alleging the. questions had become moot by a hearing in the *habeas corpus* proceedings before respondent, on May 31, 1939, wherein respondent entered an order discharging Cutler. Petitioner filed objections to the motion and it was taken with the case.

The facts set out in the petition, and admitted by the motion to strike, show that Cutler's commitment to the Dixon State Hospital was on June 13, 1930. He was thereafter transferred to the Illinois Security Hospital at Menard. On January 4, 1939, upon a hearing before respondent, a writ of *habeas corpus* was quashed, the petition was dismissed and Cutler was remanded to the Illinois Security

Hospital. On January 11, 1939, another petition for a writ of *habeas corpus* was stricken. On leave granted, an amended petition was filed, alleging Cutler had fully recovered. A return was filed denying Cutler had recovered, and alleging his several escapes from the Dixon State Hospital, numerous arrests on criminal charges during the periods of escape, with two sentences to the house of correction, and his transfer to the Illinois Security Hospital. On or about January 12, respondent orally ordered the managing officer of the latter institution to deliver Cutler to the sheriff of Cook county. On January 24, without hearing any evidence, respondent entered the order releasing Cutler on bond in the sum of $1000, signed by Cutler and his wife, and continued the cause to May 25. While the *habeas corpus* proceeding was at this stage the petition in this cause was filed.

Petitioner's claims in support of the petition allege that the order to deliver Cutler to the sheriff was void as invading the powers and prerogatives of the executive department of the State government; that the release of Cutler on bond and continuance of the cause to May 25 was void for the same reason, and because it amounted to a parole, and that each of the orders was made without authority or jurisdiction to do so. The objections to the motion of June 13 to dismiss the cause as moot, deny that it has become moot, and allege that the order of discharge is void; that respondent had no jurisdiction to enter it because it appears from the petition for the writ of *habeas corpus* and the return thereto that Cutler was not entitled to be discharged, and that the committing court is the only jurisdiction in which the order of commitment can be modified. The objections ask that respondent be further required to expunge the order of discharge, or, in the alternative, for leave to amend the petition to include it.

The first question to be determined is whether the cause has become moot. This requires a consideration of the

nature of a *habeas corpus* proceeding and the effect of an order of discharge. The office of the writ of *habeas corpus* is to obtain the release of persons illegally restrained of their liberty. It is authorized only where the proceeding or judgment is absolutely void or the detention has become illegal by reason of some act, omission or event which has subsequently taken place, as provided in section 22 of the Habeas Corpus act. *People* v. *Hill,* 350 Ill. 129; *People* v. *Windes,* 283 id. 251.

*Mandamus* cannot be employed to expunge an order of discharge in a *habeas corpus* proceeding except where the order is void for want of jurisdiction. It cannot be made to perform the office of a writ of error or an appeal. The only question for consideration in a *mandamus* proceeding to expunge an order entered in a *habeas corpus* proceeding is whether the court had jurisdiction and power to enter the order. To render the order of discharge immune from attack the court must have had not only jurisdiction of the subject matter and the parties, but also authority to render the particular judgment. *People* v. *Shurtleff,* 355 Ill. 210.

Respondent, as judge of the circuit court, had jurisdiction of the subject matter and of the parties, and under the issues had authority to determine whether Cutler was illegally restrained of his liberty. This carried with it the right to discharge him or remand him to custody. Respondent therefore had jurisdiction to enter the order of discharge and it was not void. Whether it was warranted by the testimony or whether it was erroneous cannot be inquired into in this proceeding. *People* v. *Righeimer,* 306 Ill. 308; *Swager* v. *Gillham,* 278 id. 295.

When the order of discharge was entered on May 31, the only issue before respondent was decided and the cause was ended. Whether the prior procedural orders were valid or void, or merely erroneous, can in no way affect the petitioner or Cutler. Petitioner cites *People* v. *Jenkins,* 322 Ill. 33, as authority for the claim that the cause is not moot.

In that case a prisoner was sentenced for life to the Illinois State Penitentiary at Joliet. Under a void so-called commutation of sentence he was paroled by the Department of Public Welfare. A *mandamus* suit was filed to require the order to be expunged and commanding the warden of the penitentiary to apprehend and imprison him as required by the judgment of conviction. After the petition was filed the parole order was revoked and he was transferred to the Southern Illinois Penitentiary without the necessary authority. On the hearing the prisoner still claimed the right to parole, and we held the question was not moot, but the order should be expunged and the prisoner returned to the custody of the warden of the penitentiary at Joliet. Obviously that case has no application here.

In *Southern Pacific Terminal Co.* v. *Interstate Commerce Com.* 219 U. S. 498, the commission entered an order to cease granting preference to a shipper for not less than two years. In a suit to enjoin the enforcement of the order filed more than two years thereafter, it was held the question was not moot, because the order might to some extent be the basis of further proceedings. The opinion quoted from another decision of the same court, holding that in a suit for dissolution of an illegal agreement violating the Sherman law, and to enjoin future activities, the cause did not become moot by mere dissolution of the agreement. It is equally plain that those cases have no persuasive force in this cause where no future rights of either of the parties are involved. *People* v. *Circuit Court,* 369 Ill. 438, also cited by petitioner, has no bearing on the question.

Inasmuch as the cause had been heard and a valid order of discharge entered, to now require the prior procedural orders to be expunged could afford neither petitioner nor Cutler any advantage or benefit. The questions raised by the petition have thus become moot. The writ of *mandamus* is not granted as a matter of absolute right. It will be denied when it would compel the performance of an act mani-

festly unavailing, fruitless or nugatory. Courts will not award the writ where the right sought to be enforced has become an abstract one, and its enforcement, by reason of the occurrence of an event subsequent to the commencement of the suit, can be of no practical benefit to the petitioner. A court of review will dismiss a cause where the facts disclosed show that only moot or abstract propositions are involved. *Jones* v. *Clark,* 355 Ill. 527; *Mills* v. *Green,* 159 U. S. 651; *Heitmuller* v. *Stokes,* 256 id. 359.

Since the order of discharge cannot be assailed in this proceeding, an amendment to the petition asking that it be ordered expunged, could avail petitioner nothing.

Respondent's motion to dismiss the cause is granted and it is, accordingly, dismissed.

*Cause dismissed.*