(Nos. 45271-45272 cons.—

THOMAS M. FLYNN *et al.* v. EDMUND KUCHARSKI, County Collector, *et al.,* Appellees (Roy Larsen, Appellant.)—THE PEOPLE *ex rel.* EARL SCHAEFER *et al.,* Appellants, v. EDWARD J. BARRETT, County Clerk, Appellee.

*Opinion filed Oct. 17, 1972.—Rehearing denied Nov. 29, 1972.*

RYAN, J. dissenting.

PHILIP J. McGUIRE, of Chicago, and JAMES F. DeMUNNO and ANTHONY F. SPINA, of Elmwood Park, for appellants.

EDWARD V. HANRAHAN, State's Attorney, of Chicago (VINCENT BENTIVENGA, JR., Chief of the Civil Division, and HENRY A. HAUSER, Assistant State's Attorney, of counsel), for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In this, the third appeal in this litigation, the appellants, who are the township collectors in 29 townships in Cook County, appeal from the judgment of the circuit court of Cook County which denied a motion to dissolve, and continued in force an injunction enjoining them from collecting real and personal property taxes within their townships, and from the judgment dismissing their petition for a writ of *mandamus* directing the county clerk of Cook County to deliver to them tax bills and records allegedly essential to the performance of their statutory duties as township collectors.

In the first appeal (*Flynn v. Kucharski, 45 Ill.2d 211*), this court affirmed the judgment of the circuit court of Cook County which held unconstitutional section 36.6 of the Fees and Salaries Act and directed that " all property taxes in Cook County shall hereafter be collected by the Cook County Collector until further order of this court," and remanded the cause for further proceedings. In the second appeal (*Flynn v. Kucharski, 49 Ill.2d 7*), we held that although the township collectors are *de jure* officers, the lack of funds from which their salaries and expenses could be paid resulted in a "practical inability" to act, and

the county collector, therefore, was the proper official to assume the burden of the collection of taxes.

Following the second remandment of the case, the township collectors filed a petition for a writ of *mandamus* in which it was alleged that they had the right to collect real and personal property taxes within their respective townships, that there was a duty imposed upon Edward J. Barrett, County Clerk of Cook County, to transmit to them tax bills and other documents pertaining to the collection of such taxes and that upon demand the defendant county clerk had refused so to do. The circuit court upon allowance of defendant Barrett's motion to dismiss the petition, entered judgment denying the relief sought and the collectors appealed.

During the pendency of the *mandamus* action, Roy Larsen, township collector of Leyden township, filed a motion to dissolve the injunction which enjoined the collectors from collecting taxes within their townships. The trial court denied the motion and Larsen appealed from that order.

In support of the motion to dissolve the injunction it was contended before the circuit court, and is argued on appeal, that the purpose of the injunction was to prevent the discrimination which resulted from payment of taxes to the township collectors (45 Ill.2d 211), that because section 9(a) of article VII of the constitution of 1970, effective December 1, 1971, prohibits both the county collector and the township collectors from charging a fee or commission on taxes collected, no discrimination can result from the election of the individual taxpayer to pay taxes to the county collector or the appropriate township collector, and there is therefore no reason to continue the injunction in force; that the salary and expenses of the township collector must be paid by the individual townships, and that provision therefor is authorized by sections 8 and 17 of article XIII of "An Act to revise the law in relationship to township organization." Ill.Rev.Stat. 1971, ch. 139, pars. 124 and 126.7.

The briefs reflect the disagreement of the parties as to whether the enactment of section 17 of article XIII of the Township Act provides the means for the removal of the "practical inability" of the town collectors to perform the collection function authorized by section 190 of the Revenue Act of 1939. (Ill.Rev.Stat. 1971, ch. 120, par. 671.) Upon the record before us we need not and do not reach the questions of whether a township, by action of the board of town auditors, may provide for the salary and expenses of the town collector, and assuming, *arguendo,* that it may, the effect of such action insofar as it affects the "practical inability" of the town collectors to function.

In consideration of the motion to dissolve the injunction the trial court was required to determine whether changes had occurred since its rendition which were of sufficient importance to warrant its dissolution. (*Benson v. Isaacs, 22 Ill.2d 606.*) The record reflects no action by the town board of auditors of any of the townships which purported to effect a change in the circumstances of any of the collectors, and the circuit court did not err in denying the motion to dissolve the injunction. We note, parenthetically, that in view of the argument made in the first appeal (see 45 Ill.2d at 220) concerning the dire effect on the townships of the circuit court's decision, the trial court may have concluded that no such action was imminent or even reasonably foreseeable.

In view of our holding that the circuit court did not err in denying the motion to dissolve the injunction it follows that it did not err in dismissing the petition for a writ of *mandamus. Mandamus* will not issue to compel an act which is of no practical benefit to the petitioner. (*People ex rel. Cassidy v. Fisher, 372 Ill. 146.*) The judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*

MR. JUSTICE RYAN, dissenting:

I fear the decision of this court has seriously invaded an area which the constitution of this State has reserved for the legislature.

Section 5 of article X of the constitution of 1870 stated that the General Assembly shall provide by general law for township organization under which any county may organize, and that when a county adopts township organization the affairs of said county are to be transacted in such manner as the General Assembly provides. Pursuant to this authority the General Assembly adopted "An Act to revise the law in relation to township organization," approved March 4, 1874. Article VII of that act related to the election of town officers. (Ill.Rev.Stat. 1969, ch. 139, par. 60 *et seq.*) Section 1 of that article (par. 60) provided for the election of township collectors.

In the Revenue Act of 1939 (Ill.Rev.Stat. 1969, ch. 120, par. 482 *et seq.*) the General Assembly set forth the tax collection procedure in detail, placing the primary responsibility for collecting taxes upon town collectors in townships having such an officer. In section 190 (par. 671) it was provided: "Every town collector, and every county collector, in cases where there is no town collector, upon receiving the tax book or tax books, shall proceed to collect the taxes mentioned herein."

Section 9 of the transition schedule of the 1970 constitution preserves the provisions of these statutes enacted under the constitution of 1870 and the officers elected thereunder.

Following the adoption of the 1970 constitution the General Assembly has not abolished the office of town collector, nor has it removed from this office the duties specified in the Revenue Act of 1939. The statute still imposes upon town collectors, upon receiving the tax books, the duty to collect the taxes. Ill.Rev.Stat. 1971, ch. 120, par. 671.

In neither of the prior decisions of this court in *Flynn*

*v. Kucharski* (45 Ill.2d 211 and 49 Ill.2d 7) has this court held that town collectors are permanently prohibited from performing their statutory duty of collecting taxes. Our second decision (49 Ill.2d 7) held that town collectors were *de jure* officers but because of the practical inability of these officers to perform, the county collector was the proper person to assume the burden of collecting past and present taxes. We did not hold that this practice should continue indefinitely.

Subsequent to the above decisions, the legislature has amended various sections of the statutes relating to town collectors and their functions and has not provided for the abolition of the office, nor has it relieved the town collectors of the duty to collect taxes. The very section of the statute which provides for the election of town collectors was amended by Public Act 77-1610, effective September 21, 1971. (Ill.Rev.Stat. 1971, ch. 139, par. 60; see also Ill.Rev.Stat. 1971, ch. 120, pars. 653, 673, 680, 688, 691.) I view these amendments as a manifestation of the intent of the legislature that regardless of the prior decisions of this court town collectors are to be active, functioning public officials and are to perform the duties imposed upon them by statute.

I cannot agree with the conclusion expressed in the opinion that there has been no change since the original injunction which warrants dissolving it. The purpose of the original injunction was to prohibit the diversion of the unconstitutional town collectors' fees to the township funds. This has now effectively been accomplished both by the decisions of this court and by the 1970 constitution. (Ill. Const. 1970, art. VII, sec. 9(a).) There is therefore no reason for continuing the injunction against town collectors from performing the duties of their office.

It appears from the opinion of the court that the change which is required to authorize the dissolution of the injunction is an appropriation and tax levy by the township for salaries and expenses of town collectors. I

feel that the majority opinion has arranged priorities in reverse order. As a practical matter, it is doubtful if a governmental body would appropriate and levy for the payment of expenses of a function which is enjoined. As a legal matter, if such an appropriation and levy were made at a time when the town collector is enjoined from performing his duties, the levy would be the subject of serious legal objections because the validity of a tax levy is determined as of the date of the levy. (*People ex rel. Toman v. Central Plaza Hotel Corp., 375 Ill. 114, 123; People ex rel. Schlaeger v. Siebel, 388 Ill. 98, 107.*) At the time of such a levy the town collector would be prevented by the injunction from performing the duties, the expenses of which were to be paid by the levy. It appears to me that the court has by injunction made it impossible for the townships to provide the funds necessary for the collection of taxes and then has refused to dissolve the injunction because no such funds have been provided.

Whether, as appellees argue, the procedure of collecting taxes through town collectors is a purely local and unnecessary function is not, of course, proper for judicial consideration. The legislature has provided that taxes be collected in this manner. Regardless of our personal views as to the wisdom of the procedure, the legislature, pursuant to constitutional authority, has acted, and within constitutional limits this procedure should be followed.

As to the *mandamus* action, the county clerk had a clear statutory duty to deliver the tax collection books to the town collectors. (Ill.Rev.Stat. 1971, ch. 120, par. 653.) The petition for writ of *mandamus* should have been allowed

For these reasons I would reverse the orders of the trial court and direct that the injunction be dissolved and that the writ of *mandamus* issue.