(No. 46513.—

THOMAS M. FLYNN *et al.*, v. EDMUND J. KUCHARSKI, County Treasurer, Appellant.—(William J. Harte *et al.*, Appellees.)

*Opinion filed September 27, 1974.*

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Deputy State's Attorney, and Henry A. Hauser, Assistant State's Attorney, of counsel), for appellant.

James P. Chapman, of Chicago, for appellees.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The Appellate Court, First District, affirmed a judgment of the circuit court of Cook County which awarded William J. Harte and Kevin M. Forde, attorneys for the plaintiffs, $750,000 (*Flynn v. Kucharski* (1973), 16 Ill. App. 3d 624), and we allowed the petition for leave to appeal filed by Bernard J. Korzen, Treasurer and ex-officio County Collector of Cook County.

The attorneys had represented the plaintiffs in a class action, brought on behalf of the taxpayers of the city of Chicago, challenging the constitutionality of the method of tax collection in effect in Cook County. The plaintiff taxpayers were required to pay their taxes to the county collector, whereas taxpayers living in that part of Cook County lying outside the city of Chicago had the option of paying their taxes to the county collector or to the township collector of the township in which their property was located. The basic dispute was thus described:

"The controversy in this case centers upon the fact that in the case of taxes paid to the county collector, the commissions that are deducted for making the collections are deposited in the general corporate fund of Cook County, for the use and benefit of all residents of the county,

whereas in the case of taxes paid to township collectors the excess of the two percent commission, over and above the salary and expenses of the collector, is turned over to the township and is used for local, rather than county-wide, purposes." 45 Ill.2d 211, 214.

On December 15, 1969, the circuit court entered a decree declaring the method of tax collection unconstitutional insofar as it related to the commissions allowed to township collectors, and directing that until further order of the court all property taxes in Cook County be collected by the Cook County collector. On appeal that judgment was affirmed and the case was remanded for further proceedings. *Flynn v. Kucharski* (1970), 45 Ill.2d 211.

On remand the circuit court ordered that all funds which were in the possession or control of the townships or their officers on December 15, 1969, be disbursed to the trustee that had been appointed by the court, and directed that upon the approval of the trustee's report the court would entertain petitions for fees and costs and, after the deduction thereof, all funds in the possession or control of the trustee would then be disbursed to the Cook County collector and deposited in the corporate fund of Cook County. Upon appeal, this court affirmed this part of the judgment of the circuit court, but reversed another part of the judgment, which held that it was unnecessary to consider the reasonableness of the rate of commission charged by the Cook County collector, and remanded the cause to the circuit court. *Flynn v. Kucharski* (1971), 49 Ill.2d 7.

Following this second remandment the township collectors filed a petition for a writ of *mandamus,* and an individual township collector filed a motion to dissolve the injunction which restrained the collectors from collecting taxes within their townships. The circuit court denied the motion, and dismissed the petition for a writ of *manda-*

*mus.* This court affirmed. *Flynn v. Kucharski* (1972), 53 Ill.2d 88.

On March 22, 1972, the plaintiffs filed a petition requesting the allowance of attorneys' fees, to which the Cook County treasurer objected. After a full evidentiary hearing, the circuit court allowed fees of $750,000 to the two attorneys for the plaintiffs. The appellate court affirmed that allowance, and, as has been stated, we granted leave to appeal.

The objector first contends that the trial court erred in allowing the payment of any attorneys' fees out of the funds held by the court-appointed trustee. To support this contention he relies heavily upon *Hoffman v. Lehnhausen* (1971), 48 Ill.2d 323, and *Rosemont Building Supply, Inc. v. Illinois Highway Trust Authority* (1972), 51 Ill.2d 126.

The *Hoffman* case involved two class actions challenging the validity of a provision of the Revenue Act which created a "homestead exemption" by way of a reduction in the assessed value of real property occupied as a residence by a person 65 years of age or older who was liable for the real esate taxes on the property. The trial court held the statute unconstitutional and enjoined its enforcement. It also denied the motions of the plaintiffs' attorneys for an allowance of costs and reasonable attorneys' fees. This court affirmed, saying:

"*** Several considerations set this case apart from the usual situation in which attorneys fees are allowed from a fund brought into court by one who sues as a member of a class. No fund was involved in this case. The attorneys for the plaintiffs say that this circumstance is irrelevant, because the trial judge refused to enter an order which would have created such a fund. Again we think, however, that the ruling.of the trial court was correct. We are aware of no authority under which the process of tax collection and distribution could have been interrupted to divert from

the governmental bodies that had levied the taxes an amount fixed by the court as fees for the attorneys for the plaintiffs." 48 Ill.2d at 329.

The *Rosemont* case involved a class action seeking a declaratory judgment that the Illinois Highway Trust Authority Act was unconstitutional. The trial court sustained the Act, but on appeal it was held invalid. Thereafter the trial court awarded attorneys' fees in the amount of $66,666.66 to the plaintiffs' attorneys, and ordered that the defendants, "in their respective capacities as elected officials of the State of Illinois jointly and severally," pay that sum to the plaintiffs' attorneys. We reversed that judgment, stating:

"This is not the usual class action in which attorneys fees are allowed from a fund which was brought into court by the plaintiff or plaintiffs who sued as members of a class. Here no fund was involved and, even though the plaintiffs contend that this circumstance is irrelevant, it does present the question of whether the recognized rule for the payment of attorneys fees and costs in a typical class action should be extended to litigation wherein the plaintiff seeks a declaratory judgment that a legislative enactment is unconstitutional.

While fees and costs are awarded more freely today than in the past, we deem it improper to expand this doctrine under the circumstances of this case." 51 Ill.2d at 130.

This case differs from *Hoffman* and *Rosemont*. Here the plaintiffs' basic attack was aimed at the asserted right of one group of taxpayers to divert a portion of the taxes levied by county-wide agencies to their own local governmental units, with the net result of reducing the taxes of that group of taxpayers. The taxes had been collected, and the dispute concerned the legality of the diversion. The attorneys for the plaintiffs established that the local

governmental units were not entitled to the disputed funds. We hold, therefore, that the attorneys are entitled to an allowance of fees.

In its memorandum opinion fixing the fee of the plaintiffs' attorneys at $750,000, the trial court said:

> "In arriving at a reasonable fee in a case of this kind the courts have held one should consider the following factors though not necessarily in the order enumerated:
>
> > a. The novelty, complexity and difficulty of the case.
> >
> > b. The contingent nature of the fee.
> >
> > c. The benefit to the class and the public.
> >
> > d. The skills and qualification of counsel.
>
> To these could be added other factors such as time and labor expended; personal knowledge of the court as to conferences, arguments, hearings and briefs; the responsibility undertaken and others."

There is no doubt but that the issue involved in this litigation was novel and that the litigation was complex and difficult. The plaintiffs challenged a statute that had been in effect for more than 100 years. The case was vigorously, indeed bitterly, contested. The numerous efforts to defeat the objective of the litigation continued even after the basic issue was decided by this court in favor of the plaintiffs. The fee was entirely contingent. The trial court stated that as a result of the plaintiffs' action over $15 million has gone directly into the treasury of Cook County and that $5 million more is contained in a separate fund which, after the payment of fees, expenses and costs, will ultimately be deposited into the treasury of Cook County. About one half of the taxpayers in the county were represented by the plaintiffs' attorneys.

In a case of this kind the fee is not, as it is in the usual contingent-fee case, an amount that has been fixed by voluntary agreement between the client and his attorney.

Rather, it is an amount taken, by order of the court, from money that belongs to others. The rights of those others must be carefully considered as well as those of the attorneys. In our opinion the time expended in such a case is not to be relegated to a secondary or minor position; it is a highly significant factor in determining the fee. In this case the attorneys for the plaintiffs did not keep records of the amount of time they spent on this case. This failure to keep records greatly increases the difficulty in determining a proper fee. The fact that the attorneys, as they testified, prefer to work on a contingent basis rather than a *per diem* basis does not excuse their failure to keep adequate records.

The action was commenced in August of 1968 and the opinion of this court on the basic issue was filed on March 21, 1970. It was during that period that the work which was of primary benefit to the plaintiffs' class of taxpayers was performed. Subsequent efforts were largely devoted to ensuring the existence of a fund from which fees might be paid. The order awarding fees was entered on January 31, 1973. The testimony is that William J. Harte spent 3700 hours on this case during the entire 4½-year period and Kevin M. Forde spent 3765 hours. From the testimony of the attorneys, as well as from the records of this and other courts, we know that this case was by no means the only matter that engaged the attention of these lawyers during the pendency of this case.

In our opinion the fee awarded in this case was unreasonably high and it should be substantially reduced. We therefore affirm the judgment of the trial court insofar as it awarded fees, but modify that judgment by reducing the amount of fees awarded to the sum of $560,000.

*Judgment modified and affirmed.*