EMMA J. CASSIDY *et al.*, Plaintiffs-Appellants, *v.* ROBERT J. LEHNHAUSEN, Director of the Department of Local Governmental Affairs, *et al.*, Defendants-Appellees.

(No. 74-351; ▬▬▬▬▬▬)

Third District—February 20, 1975.

Kavanagh, Scully, Sudow, White & Fredericks, of Peoria, for appellants.

Michael M. Mihm, State's Attorney, of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is a class action, brought by the plaintiffs, Emma J. Cassidy and Eugene L. White, on behalf of all taxpayers of Peoria County, Illinois, paying personal property taxes, other than corporations. The defendants are Robert J. Lehnhausen, Director of Local Government Affairs, Milo W. Nelson, county clerk of Peoria County, and Edward T. O'Connor, county treasurer and ex officio county collector of Peoria County. The plaintiffs sought to have certain personal property taxes in the hands of the Peoria County treasurer retained in a separate fund pending the decision of the United States Supreme Court in its review of *Lake Shore*

*Auto Parts Co. v. Korzen,* 49 Ill.2d 137, 273 N.E.2d 592. A consent judgment granting the relief requested was entered by the circuit court of Peoria County, but the plaintiffs' later petition for allowance of fees was denied.

In our initial opinion this court in a split decision affirmed the judgment of the circuit court of Peoria County denying the allowance of attorney fees. Based on the recent decision of the Illinois Supreme Court in *Flynn v. Kucharski,* 59 Ill.2d 61, 319 N.E.2d 1, the plaintiffs filed their petition for rehearing, and in view of such decision we granted the petition for rehearing and withdrew our previous opinions in this case. We now reverse the judgment of the trial court.

Whether the plaintiffs should be awarded attorney fees is the only question presented to us for review. The consent judgment was entered on June 13, 1972. It required the county treasurer to set up an escrow fund for personal property taxes received from all taxpayers other than corporations, without the necessity of the taxes being paid under protest, and restrained the county clerk and the county treasurer from making any distribution of those taxes. By the enactment of section 195.01 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 676.01), effective July 27, 1972, the Illinois legislature directed the creation of special escrow accounts for personal property taxes received in 1972 from natural persons pending final disposition of the *Korzen* case, excused the necessity of making payment of those taxes under protest, and held up distribution of those personal property taxes.

The plaintiffs maintain that fees should be allowed in a class action when a fund has been created and where the others in the class have received benefits from the plaintiffs' efforts; that a fund was created here by court order; and that the class of taxpayers benefited because the county collector would otherwise have been under a duty, before the Legislature acted, to distribute the taxes he had theretofore collected, and it should be presumed that he would perform his duty.

Defendants, in support of the judgment of the trial court urge that the class of plaintiffs were not benefited because the legislation was unnecessary and that attorney fees are not allowable in this type of case, relying on *Rosemont Building Supply, Inc. v. Illinois Highway Trust Authority,* 51 Ill.2d 126, 281 N.E.2d 338, and *Hoffman v. Lehnhausen,* 48 Ill.2d 323, 269 N.E.2d 465.

It should be noted that *Lake Shore Auto Parts Co. v. Korzen,* 49 Ill.2d 137, 273 N.E.2d 592, was reversed in *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 35 L.Ed.2d 351, 93 S.Ct. 1001, and that as a consequence of said decision the exemption of individuals from the payment of personal property tax was approved. Accordingly, the individual tax-

payers were entitled to repayment of personal property taxes previously paid when the exemption was held invalid by the Illinois Supreme Court.

At the time this action was commenced and at the time the injunction was entered there can be little doubt that except for the force and effect of such legal proceedings the defendants were under a duty to distribute the tax receipts from the assessment of personal property to the various taxing bodies. (Ill. Rev. Stat. 1971, ch. 120, par. 761.) The fact that the legislature weeks later enacted legislation which accomplished the same purpose as that of the injunction cannot be said to have rendered the initial injunction unnecessary and therefore of no benefit to the plaintiffs.

In view of *Flynn v. Kucharski*, 59 Ill.2d 61, 319 N.E.2d 1, a case similar to the one at bar in its significant facts, we hold that this is a case in which attorney fees are allowable. The court in the *Flynn* case held that *Rosemont Building Supply, Inc. v. Illinois Highway Trust Authority*, 51 Ill.2d 126, 281 N.E.2d 338, and *Hoffman v. Lehnhausen*, 48 Ill.2d 323, 269 N.E.2d 465, are not applicable to factual situations such as exist in the present case. The *Flynn* case also discusses the factors which should be considered in the determination of a reasonable attorney fee. We conclude the plaintiffs are entitled to reasonable attorney fees, and consequently the trial court's decision to the contrary was erroneous.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed, and this cause is remanded to such court for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

DIXON and SCOTT, JJ., concur.