(No. 46704.—

THE CITY OF EAST PEORIA *et al.* v. TAZEWELL COUNTY *et al.*—(Moehle, Reardon, Smith & Day, Ltd., *et al.*, Appellants; Village of Morton *et al.*, Appellees.)

*Opinion filed March 24, 1975.*

Moehle, Reardon, Smith & Day, Ltd., of East Peoria, and Dunkelberg & Rust, of Pekin (Carl F. Reardon and Harold J. Rust, of counsel), for appellants.

Robert L. Metzler, of Clevenger & Metzler, of Pekin, for appellees Village of Morton, City of Washington,

Village of Minier and Village of Hopedale, and Alfred W. Black, for appellee City of Pekin.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, two municipalities and two school districts, filed a declaratory judgment action on behalf of themselves and all other municipalities and taxing districts in Tazewell County challenging the constitutionality of a Tazewell County ordinance imposing a service charge on all municipal corporations and taxing districts for the county's actual cost of assessing, extending, billing, collecting and distributing the property taxes levied by the municipalities and taxing districts. Defendants are the county, its treasurer and its clerk. The circuit court held the ordinance unconstitutional but denied plaintiffs' request for attorneys' fees from the service-charge fund that had been collected by the county. Plaintiffs appealed from that part of the judgment denying attorneys' fees, the appellate court affirmed (17 Ill. App. 3d 943), and we granted plaintiffs' petition for leave to appeal.

It is the contention of plaintiffs' attorneys that by reason of their successful attack on the service-charge ordinance they recovered $296,459.84 from the county for 136 municipalities and taxing districts; that a reasonable fee for their services is $49,409.97 or one sixth of the recovery; and that each of the 136 municipalities and taxing districts benefited by the recovery should pay the attorneys' fees in the proportion that it benefited.

Several villages, permitted to intervene in the circuit court proceedings, opposed the awarding of fees for plaintiffs' attorneys. Citing *Rosemont Building Supply, Inc. v. Illinois Highway Trust Authority*, 51 Ill.2d 126, and *Hoffman v. Lehnhausen*, 48 Ill.2d 323, intervenors argue that the recognized rule with regard to the payment of attorneys' fees in a typical class action does not apply to

litigation in which the plaintiff seeks a declaratory judgment that a legislative act is unconstitutional.

*Flynn v. Kucharski,* 45 Ill.2d 211, and 49 Ill.2d 7, involved a class action brought on behalf of the taxpayers of the city of Chicago who successfully challenged a statute permitting taxpayers of Cook County living outside the city to pay their taxes for countywide taxing agencies to township collectors who in turn were permitted to deduct a commission, a part of which went into the towns' general funds. *Flynn v. Kucharski,* 59 Ill.2d 61, involved the award of fees for plaintiffs' attorneys in that case. After discussing *Hoffman* and *Rosemont,* we stated:

"This case differs from *Hoffman* and *Rosemont.* Here the plaintiffs' basic attack was aimed at the asserted right of one group of taxpayers to divert a portion of the taxes levied by countywide agencies to their own local governmental units, with the net result of reducing the taxes of that group of taxpayers. The taxes had been collected, and the dispute concerned the legality of the diversion. The attorneys for the plaintiffs established that the local governmental units were not entitled to the disputed funds. We hold, therefore, that the attorneys are entitled to an allowance of fees." 59 Ill.2d 61 at 65-6.

The intervenors argue further that there was no economic benefit to the taxpayers of Tazewell County because, with the exception of individuals who are members of special-purpose taxing districts extending beyond the county, the taxpayers of the 136 municipalities and taxing districts who will benefit by the recovery of the $296,459.84 are the same taxpayers who would have benefited if the county had been permitted to retain the funds. It is of course true that a taxpayer in any of the municipalities or taxing districts also pays taxes levied countywide, but, while the diversion to the county of tax funds levied by the 136 municipalities and taxing districts

might serve to reduce the taxes levied for the county, it also serves, in varying degrees, to increase the burden on those taxpayers who pay taxes to the municipalities and taxing districts. As in *Kucharski,* the economic benefit of the prevention of the unlawful diversion was not the same to all taxpayers.

Plaintiffs' attorneys successfully prevented the unlawful diversion of funds to the county and under the rationale of *Kucharski* are entitled to an allowance of fees.

The judgments of the appellate and circuit courts are therefore reversed and the cause is remanded to the circuit court of Tazewell County for the award of a reasonable attorneys' fee.

*Reversed and remanded, with directions.*