BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT NO. 303 *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY BOARD OF KANE *et al.*, Defendants-Appellees.—BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 131, KANE COUNTY, *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY BOARD OF THE COUNTY OF KANE *et al.*, Defendants-Appellees.

Second District (1st Division) No. 73-321

Opinion filed February 6, 1976.

Roy Safanda, of St. Charles, and D'Ancona, Pflaum, Wyatt & Riskind, of Chicago, for appellants.

Gerry Dondanville, State's Attorney, of Geneva, Reid, Ochsenschlager, Murphy & Hupp, and Marvin D. Dunn, both of Aurora, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal by Roy Safanda from the denial, without a hearing, of his petition for attorney's fees.

On February 9, 1972, the County Board of Supervisors of Kane County adopted an ordinance which imposed a service fee upon the various county taxing bodies for the service performed by the County in assessing, extending, collecting and disbursing tax monies levied by the various

taxing units within the county. Pursuant to the ordinance, the Kane County Auditor determined that $562,292 in administrative costs had been incurred by the County in the process of assessing, extending, collecting and disbursing the 1971 taxes. The County Board approved the above assessment, and the County Collector was directed to withhold various sums from the several county taxing bodies pursuant to a formula for the assessment of the service fees contained within the ordinance, and to deposit the service fee with the County Treasurer. Sixteen townships and approximately 100 taxing districts were involved and the amount of the service fee withheld ranged from a high of $94,334 from School District U-46 in Elgin Township to a low of $1 from the Hinckley Fire Protection District in Big Rock Township.

Attorney Roy Safanda first filed a mandamus action in the Supreme Court of Illinois seeking to obtain the original jurisdiction of that court. The supreme court declined to take original jurisdiction of the case and, on September 25, 1972, Safanda filed a petition for a writ of mandamus as a class action in the Circuit Court of Kane County, naming the "People of the State of Illinois on the relation of the Community Unit School District 303, individually and on behalf of all others similarly situated" as petitioner, and the Board of Supervisors of Kane County, the County of Kane, and the County Clerk, Treasurer and ex officio County Collector of Kane County as defendants. On the same date, Safanda filed a motion to segregate the funds collected pursuant to the service fee ordinance, pending further order of the court. Safanda also filed suggestions in support of his mandamus petition and his motion to segregate. The trial court granted the motion to segregate the funds and ordered such segregation until further order of the court. The court also granted defendant's motion to dismiss plaintiff's complaint, which was based upon defendant's arguments that a petition for mandamus could not be brought as a class action and that mandamus was not a proper remedy in this case.

On September 20, 1972, a complaint for declaratory judgment and injunction was filed by the law firm of Reid, Ochenschlager, Murphy and Hupp (hereinafter Reid) on behalf of School District 131, into which School District 129 was granted leave to intervene as party plaintiff. The complaint named the County of Kane, the County Board and various county officials as defendants and sought a declaration that the service fee ordinance was void and unconstitutional and that an injunction issue prohibiting the withholding of such fees. Whereas Safanda, as noted below, proceeded only on a constitutional argument, Reid argued both a constitutional argument and, in addition, an argument

that the ordinance was void due to the absence of required Kane County legislative authority to enact such an ordinance.

On October 31, 1972, Safanda filed an amended complaint for declaratory judgment and an injunction as a class action on behalf of the Board of Education of Community Unit School District 303 individually and on behalf of all others similarly situated. This complaint sought a declaration that the service fee ordinance was unconstitutional, an injunction restraining the withholding of any service fee and an award of plaintiff's costs and attorney's fees. Defendants moved to dismiss the amended complaint and to strike the class action aspect of the suit. On November 13, 1972, the trial court entered an order denying the motion to dismiss and also finding, "* * * that the action should not be brought as a class action; the cause of action being not subject to such representation, but that the cause may be brought individually by Community Unit District 303 * * *." On December 6, 1972, the trial court, on motion of defendants, ordered the case filed by Safanda to be consolidated for hearing with the case filed by Reid.

Upon the death of Judge Seidel, the judge who had heard the motions filed in the Safanda case, the case was reassigned to Judge Akemann for further proceedings. The validity of the ordinance was argued in a consolidated hearing before Judge Akemann in March 8, 1973. During the argument, the following colloquy ensued between Mr. Mrkvicka, a member of the Reid firm, and the court:

> "Mr. Mrkvicka: We have gone on record, I believe, and said that this suit was filed by Mr. Safanda originally as a class action.
>
> The Court: I think that has gone by the board, so that actually, technically, there are only three parties involved as plaintiff in this case. However, the practical effect, we do consider it as applying to all of them, or we will have another 969 suits Monday morning or shortly after I make a decision."

Subsequently, in an order filed on April 6, 1973, the trial court found the ordinance unlawful since the General Assembly had not authorized the County to impose a service fee. The court further prohibited the defendants from enforcing the ordinance and from withholding any tax revenues from the plaintiffs and directed that the segregated funds be returned to the various taxing bodies from which the fees were withheld. On the same date Safanda filed a petition for attorney's fees in which he alleged that through his action all taxing bodies in Kane County have been benefited in the amount of $562,292, that the reasonable value of his services is one-third of said amount and that School District 303 had contracted to pay petitioner that percentage of the

sums it would receive. It appears that $11,888 has been paid to Safanda by School District 303 pursuant to their agreement. Petitioner also served a notice of attorney's lien for fees upon the defendants, claiming a one-third interest in the common fund to be returned to the taxing bodies involved except School Districts 129 and 131, which had been represented by Reid.

In the April 6 hearing on the proposed judgment order, Safanda requested the court to make an award of fees based upon his petition. Mr. Eilert, attorney for the Kane County Treasurer, Collector, Clerk and Auditor and Mr. Oschenschlager, attorney for School Districts 129 and 131, joined in a request that the court deny the fees. Mr. Oschenschlager specifically stated that he had not joined in the request for fees on behalf of the school districts the Reid firm had represented. After Mr. Eilert stated his view that no fees were allowable in this case because the class nature of the suit had been dismissed, the following colloquy ensued:

> "Mr. Safanda: Your Honor, I have never dismissed it as a class action. I have pursued it as a class action. I believe the relief for this class action or quantum meruit for services rendered—I believe attorney's fees are in order.
>
> Mr. Oschenschlager: What are you asking?
>
> Mr. Safanda: One-third of the fees withheld from all taxing bodies other than School Districts 129, 131 and 303.
>
> Mr. Oschenschlager: I think it is pretty clear that the Law of the State of Illinois—
>
> The Court: You don't have to tell me because I think it is unconscionable—unconscionable and will state so for the record emphatically.
>
> Mr. Safanda: What do you recommend?
>
> The Court: I won't allow any attorney's fees. You represented the School Board. You will be paid by them for your compensation in connection with this case. I don't think any fees are allowable and I will not allow any."

Shortly thereafter the court stated:

> "The Court: I am not going to allow any attorney's fees. Give me an order this morning. I will deny the attorney's fees, period, as of right now."

At the close of the hearing an order was entered denying the petition for attorney's fees.

On May 4, 1973, Safanda filed a notice of appeal to the Illinois Supreme Court from the order striking the class nature of the suit and from the order denying attorney's fees. It is interesting to note that in

this notice of appeal Mr. Safanda apparently changed the title of the case to include his own name as a party plaintiff-appellant. Appellees filed a motion to dismiss the appeal on grounds of lack of standing which had attached thereto a letter, the contents of which Safanda does not contest, stating that the case was settled satisfactorily to School District 303, that it wishes to disassociate itself from any appeal in this matter, and that the Reid firm now represented School District 303. The supreme court ordered the cause and the motion to dismiss transferred to this court. We have ordered the motion to dismiss and the objections thereto to be taken with the case.

■■ We find that Safanda cannot now claim that this action is a class suit. Since the Board of Education of Community Unit School District 303, which was represented by the petitioner in the proceedings below, has informed this court that it does not wish to appeal, there may not be an appeal by the attorney from Judge Seidel's order of November 13, 1972, finding that the action is not a class suit.[1] A class action is a device to remedy wrongs to members of a given class, and therefor the appeal from the denial of a class suit belongs to a member of the class and not to its attorney.

. It does not necessarily follow, however, that the attorney for one of the named parties has no standing to appeal from the order which denies his petition for attorney's fees when the petition alleged that the attorney created a fund by his action which benefited school districts not joined in the litigation. In Illinois "[t]he rule is that an appeal may be maintained by any person, whether or not a party to the record, who is injured by the order or will be benefited by reversal, where such interest appears in the transcript of the record." (*Grennan v. Sheldon* (1948), 401 Ill. 351, 356, 82 N.E.2d 162, 165. See also *Nott v. Wolff* (1960), 18 Ill. 2d 362, 366, 163 N.E.2d 809, 811, and *Newark Electronics Corporation v. City of Chicago* (1970), 130 Ill. App. 2d 1021, 1027, 264 N.E.2d 868, 873.) Two orders were filed by the trial court on April 6, 1973. One order granted the plaintiff's motion for summary judgment on the ground that the county was without legislative authority to enact the ordinance imposing the service fee. That order also directed that the segregated funds be returned to the various taxing bodies from which the fees had been withheld. The second order denied Safanda's petition for an allowance of attorney's fees from the segregated funds.

■■ The propriety of an order directing an allowance of attorney's fees to be paid from a fund within the control of the court, which was created

---

[1] We need not decide whether the order of November 13 is a final, appealable order. See 5 Loyola L. J. 45, 66-68 (1974).

and preserved as a result of legal action taken by one of the parties and which benefited others similarly situated, is well established in Illinois. *City of East Peoria v. Tazewell County* (1975), 60 Ill. 2d 263, 327 N.E.2d 331; *Flynn v. Kucharski* (1974), 59 Ill. 2d 61, 319 N.E.2d 1; *State Life Insurance Co. v. Board of Education* (1948), 401 Ill. 252, 81 N.E.2d 877; and *Leader v. Cullerton* (1974), 25 Ill. App. 3d 216, 323 N.E.2d 11, *aff'd in part and rev'd in part*, 62 Ill. 2d 483.

When the client files no claim for fees, his attorney has standing in proper cases to apply for fees and to appeal from an order granting fees which he may consider insufficient or from an order denying any fees. (See *Central Railroad & Banking Co. v. Pettus* (1885) 113 U.S. 116, 28 L. Ed. 915, 5 S. Ct. 387; *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.* (3rd Cir. 1973), 487 F.2d 161, 165-66; *Weeks v. Southern Bell Telephone & Telegraph Co.* (5th Cir. 1972), 467 F.2d 95; *Ratner v. Bakery & Confectionary Workers Union* (D.C. Cir. 1965), 354 F.2d 504; *Angoff v. Goldfine* (1st Cir. 1959), 270 F.2d 185, 196; *Lafferty v. Humphrey* (D.C. Cir. 1957), 248 F.2d 82, *cert. denied*, 355 U.S. 869, 2 L. Ed. 2d 75, 78 S. Ct. 118; see also 88 Harv. L. Rev. 849, 853 (1975).) The rationale for permitting an attorney to pursue a claim for an allowance of attorney's fees from a fund, although not joined in his claim by his client, is well explained in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.* (3rd Cir. 1973), 487 F.2d 161. In *Lindy*, the court noted:

> "The award of fees under the equitable fund doctrine is analogous to an action in quantum meruit: the individual seeking compensation has, by his actions, benefited another and seeks payment for the value of the service performed. Understood in this way, there are two possible 'causes of action' that may be urged as the basis for award of attorneys' fees. One of these 'causes' belongs to the plaintiff who brought the underlying suit. His claim is that by instituting the suit he has performed a service benefiting other class members. The reasonable value of that service is measured by the expenses incurred by the plaintiff on behalf of the class.

> \* \* \*

> The second 'cause of action' for award of attorneys' fees under the equitable fund doctrine belongs to the attorney. The attorney's claim is that his conduct of the suit conferred a benefit on all the class members, that one or more class members has agreed by contract to pay for the benefit the attorney conferred upon him, and that the remaining class members should pay what the

court determines to be the reasonable value of the services benefiting them." 487 F.2d 161, 165.

■■ Therefore, the fact that Safanda has been paid his fee in full by his client does not bar his claim, for the amount of fees is not limited to reimbursement. (*Central Railroad & Banking Co. v. Pettus*; see also *State of Illinois v. Harper & Row Publishers, Inc.* (N.D. Ill. 1972), 55 F.R.D. 221.) Inferentially, this position has been followed in *State Life Insurance Co. v. Board of Education; Flynn v. Kucharski*; and *Leader v. Cullerton*.[2]

The fact that this case comes to us in the posture of a non-class action also does not bar the claim. An attorney who can show that he has created a fund which benefits non-parties similarly situated may be entitled to an attorney's fee from the fund. (See *State Life Insurance Co. v. Board of Education* (1948), 401 Ill. 252, 258.) In *State Life Insurance Co. v. Board of Education*, the taxpayers secured a decree regulating the order of payment to holders of tax anticipation warrants with no change in the total resources of the fund being involved. The supreme court noted (page 258) that while claims for attorney's fees usually came in representative suits, the rule was not universal and held that where a fund is created which benefits others, the formality of the litigation, *i.e.*, the absence of a class suit, does not prevent the court from applying equitable principles to award fees from the fund. See also *Trustees v. Greenough* (1882), 105 U.S. 527, 26 L. Ed. 1157; *Spraugue v. Ticonic National Bank* (1939), 307 U.S. 161, 83 L. Ed. 1184, 59 S. Ct. 777.

■■ Since the attorney's claim here for an allowance of fees from the segregated funds has been recognized as an independent cause of action, distinct from his clients (*Lindy*, at 165), and the trial court has denied his petition for fees and ordered disbursement of the segregated fund, we conclude that the attorney's interest is attached to the judgment that was entered on the merits of the controversy and that Safanda has standing to maintain this appeal. The question then would shift to the merits of his claim.

In addition to the "standing" issue, defendants argue that the petitioner cannot claim credit for the success of the litigation creating the fund and that the court exercised its discretion in refusing further fees to petitioner. Defendants' argument that petitioner can claim no bene-

---

[2] In cases involving public funds, however, the claim for an allowance should be carefully examined taking into account the rights of the public. (*Cf. Flynn v. Kucharski* (1974), 59 Ill. 2d 61, 67.) A lawyer should not be considered in an independent profit making enterprise when his profit is drawn from publicly owned assets that he was employed to conserve. See 88 Harv. L. Rev. 854, 889, 929-30 (1975).

fit· to the non-party school districts because they would be required to refund the saving of the county collection charge to the taxing bodies has been disposed of to the contrary in *Flynn v. Kucharski* and in *City of East Peoria v. Tazewell County.* The defendants' contention that the petitioner did not, in fact, create a fund by his efforts cannot be ·answered on the record before us.

██ Defendants further argue that the trial judge exercised his discretion to deny fees. This is not supported by the record. It clearly appears that the trial judge refused to hear Safanda's claim for fees in excess of what he had received from the school district which he represented and permitted no evidentiary hearing as to the reasonable value of the attorney's claimed services. The motion to dismiss the appeal is denied. The cause is remanded for the purpose of conducting a hearing to ·determine what fees, if any, the petitioner may be entitled to under the guidelines referred to in *Flynn v. Kucharski.*

Reversed and remanded with directions.

SEIDENFELD, P. J., and HALLETT, J., concur.