UMTHUN TRUCKING COMPANY, Plaintiff-Appellee, *v.* MICHAEL J. HOWLETT, Secretary of State, Defendant-Appellant.

First District (4th Division)   No. 62742

Opinion filed January 27, 1977.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

Neistein, Richman, Hauslinger & Young, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County under the Administrative Review Act. The circuit court, after reviewing the administrative record, found that a "Review Board" in the Secretary of State's office had made recommendations to the Secretary of State which he adopted and the court found no statutory authority for a Review Board. The court held the decision of the Secretary to be "improper, erroneous and reversible error herein." The Secretary then appealed from that order.

The issue presented on appeal is whether or not the Secretary has the statutory authority to appoint a Review Board to make recommendations to him under the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½).

The facts of the case are, a hearing officer, appointed by the Secretary, held a hearing concerning certain violations of the Illinois Vehicle Code by Umthun Trucking Company. The hearing officer recommended certain findings of fact, conclusions of law, an opinion and order to the Secretary. A Review Board, appointed by the Secretary, reviewed the recommendation of the hearing officer and submitted its own findings of fact, conclusions of law, an opinion and order to the Secretary. Their recommendation differed from that of the hearing officer. The Secretary ultimately accepted the recommendation of the Review Board.

Plaintiff filed an action for administrative review and the circuit court found there was no statutory authority for the Secretary to have a

Review Board. The circuit court ordered the decision of the Secretary reversed.

The relevant sections of the Illinois Vehicle Code are sections 2—102 and 2—103 (Ill. Rev. Stat. 1973, ch. 95½, pars. 2—102, 2—103). Section 2—102 states the Secretary has the authority to "organize the work of the administration of * * * this Act * * * in such manner as he may deem necessary to carry out those provisions of this Act." (Ill. Rev. Stat. 1973, ch. 95½, par. 2—102.) Section 2—103 provides the Secretary "shall appoint such subordinate officers, clerks, investigators, and other employees as may be necessary to carry out the provisions of this Act." Ill. Rev. Stat. 1973, ch. 95½, par. 2—103.

■■■ It is clear the Secretary has the power to appoint subordinates to assist him in making decisions and formulating policy for the administration of his office. The case of *Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 248, specifically provides: "The rule requiring that an administrative decision be based upon evidence introduced at the hearing 'does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. *Evidence thus taken may be sifted and analyzed by competent subordinates.'* (Emphasis added.) (*Morgan v. United States*, 298 U.S. 468, 481.)"

■■ The case of *Harvey Federal Savings & Loan Association v. Becker* (1962), 25 Ill. 2d 464, upon which the plaintiff relies is not in point. In that case there was an advisory board created by statute. The board was only empowered to make recommendations to the Director of Financial Institutions on certain matters. There was no authority for the board "to perform any function however, with respect to hearings such as that under review here." (25 Ill. 2d 464, 467.) In the case at bar, the board was not created by statute, but by the Secretary of State. Its function is to advise the Secretary on the internal policy of his office and to assist him in the administration of the Illinois Vehicle Code. It is clear under sections 2—102 and 2—103 of the Code the Secretary has the authority to create such a board.

As there was no ruling on the merits of the evidence in the trial court, we cannot rule on them here.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINN and JOHNSON, JJ., concur.