MELVIN A. HANSON, Petitioner-Appellee, *v.* THE BOARD OF TRUST-
EES OF THE STATE UNIVERSITIES RETIREMENT SYSTEM *et al.*, Re-
spondents-Appellants.

Fifth District   No. 82—523

Opinion filed June 14, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (L. Kent Sezer, As-
sistant Attorney General, of counsel), for appellants.

John D. Bauman, of Wagner, Bertrand, Bauman & Schmieder, of Bel-
leville, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the
court:

Defendants, the board of trustees of the State Universities Retire-
ment System (hereinafter SURS) and Donald Hoffmeister, the execu-
tive director, appeal from the partial reversal of an administrative de-
cision by the Madison County circuit court entered pursuant to the
provisions of the Administrative Review Act. (Ill. Rev. Stat. 1981, ch.
110, par. 264 *et seq.*) Specifically, they challenge the court's decision
that the plaintiff was eligible to receive SURS disability payments at
the same time he was receiving workers' compensation benefits, with-
out any form of set-off or repayment. Defendants maintain that, ac-
cording to section 15—153 of the Illinois Pension Code, SURS is enti-
tled to reduce the amount of disability benefits awarded to a recipient
who is also receiving workers' compensation benefits, even if the
awards are for two unrelated disabilities. (Ill. Rev. Stat. 1981, ch.

108½, par. 15—153.) We agree that the Code authorizes such a reduction and we, therefore, reverse the trial court's order.

The following facts are relevant to this determination. The plaintiff, Melvin A. Hanson, became a participant in SURS in 1968 as an employee at Southern Illinois University. In September of 1974 he had his right kidney removed because of renal carcinoma. He sought and received disability benefits from SURS equal to one-half of his previous salary. He returned to work part-time during this period but then on July 5, 1975, he suffered a heart attack as a result of his employment. According to Hanson's testimony, his doctor told him in 1977 that his disabilities were total and permanent. After he was denied increased benefits for the heart attack by the SURS, he filed a workers' compensation claim. Over one year later, the arbitrator declared that Hanson was wholly and permanently incapable of working and allowed him an award retroactive from December 19, 1976. The Attorney General appealed unsuccessfully to both the Industrial Commission and then to the circuit court.

On August 30, 1980, the SURS disability benefits for Hanson's renal carcinoma expired. Consequently, in May of that year, Hanson applied for retirement annuity pursuant to sections 15—135 and 15—136 (Ill. Rev. Stat. 1981, ch. 108½, pars. 15—135, 15—136). Hoffmeister, the director of SURS, refused to process Hanson's application for retirement until the Attorney General issued an advisory opinion on the question whether the disability benefits paid by SURS should be offset by the workers' compensation award. Pursuant to the Attorney General's opinion that such double recovery was precluded under section 15—153, Hoffmeister recommended to the executive committee of the board of trustees of SURS that they approve the payment of his retirement annuity, "but withhold payment of that retirement annuity and offset the overpayment of disability benefits from such retirement annuity." He cited section 15—185 as his authority for this decision. (Ill. Rev. Stat. 1981, ch. 108½, par. 15—185.) When the board of trustees approved Hoffmeister's recommendation, Hanson filed suit challenging their decision. The circuit court's reversal of the administrative decision is the subject of this appeal.

Section 15—153, in pertinent part, reads:

> "In determining the monthly disability benefits payable to any participant, a deduction shall be made equivalent to any benefits payable to the employee under any State or Federal Workers' Compensation or Occupational Disease Acts for any period for which disability benefits are payable ***." Ill. Rev. Stat. 1981, ch. 108½, par. 15—153.

Hanson argues that the reason his disability benefits should not be reduced is because the heart attack is a different disease than the renal carcinoma. He maintains that a workers' compensation award for a heart attack should not affect disability benefits which were awarded for another unrelated illness. He cites no authority for this argument, however, and our own research confirms that none exists. SURS cites the Attorney General's opinion, File No. 81—015, which advised that double recovery, even for unrelated injuries, is expressly prohibited by section 15—153. While not controlling, his opinion is entitled to considerable weight in resolving statutory questions of first impression. *City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 130-31, 384 N.E.2d 310.

An examination of the statute convinces us that the Attorney General's interpretation is correct. The language is clear and unambiguous. The legislature used the phrase "disability benefits," a term which denotes payments made to a participant for disabilities arising from "any cause," either occupational or non-occupational. (Ill. Rev. Stat. 1981, ch. 108½, par. 15—150.) It provided that these payments should be reduced by an amount equivalent to any benefits payable under "State or Federal Workers' Compensation or Occupational Disease Acts," compensation plans which cover *only* work related injuries or disease. Thus, if an employee receives workers' compensation payments, any disability benefits he receives during that same time period, for whatever cause, must be reduced by the amount of workers' compensation payments. If, as Hanson argues, the legislature had meant that the deduction would only be triggered when a double recovery *for the same injury* occurs, it would have added those very words:

"a deduction shall be made equivalent to any benefits payable to the employee [under the Workers' Compensation Act] for any period for which disability benefits are payable *for the same injury, ***.*"

The statute contains no such limitation. The fact that the addition of the words would significantly alter the meaning of the provision is further evidence that defendants' broader reading is the accurate one. The statute was enacted simply to prevent a period of duplicate recovery, regardless of the sources. When the language of a statute is precise and the intent of the draftsmen is clear, the court's only function is to enforce the law as enacted. *Totten v. State Board of Elections* (1980), 79 Ill. 2d 288, 292, 403 N.E.2d 225.

In this case, the workers' compensation benefits received by Hanson should be used as a set-off against the disability benefits he re-

ceived. Since Mr. Hanson received an overpayment of disability benefits totalling $53,170.62 over a period from July 19, 1975, to August 30, 1980, this amount should be deducted from his retirement annuity, pursuant to section 15—185. The circuit court erred in holding to the contrary.

Consequently, the Madison County circuit court order which allowed plaintiff simultaneous recovery under the SURS disability plan and the Workers' Compensation Act is reversed, and the decision of the board of trustees of the State Universities Retirement System is hereby reinstated.

Reversed.

KASSERMAN and WELCH, JJ., concur.