(No. 63563.—

JAMES L. DONNELLY, JR., Appellee, v. JIM EDGAR,
Secretary of State, Appellant.

*Opinion filed June 10, 1987.*

60

GOLDENHERSH, J., took no part.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rita M. Novak, Assistant Attorney General, of Chicago, of coun-

sel), for appellant.

No appearance for appellee.

JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an administrative order of the Secretary of State denying James Donnelly's petition for a restricted driving permit (see Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c)). Donnelly sought administrative relief in the circuit court of Cook County. He argued that the Secretary's decision was void because the procedures followed by the Secretary failed to comport with the requirements of section 13 of the Administrative Procedure Act (Ill. Rev. Stat. 1985, ch. 127, par. 1013), and because the decision was contrary to the manifest weight of the evidence. The circuit court concluded that section 13 applied and that the Secretary had violated section 13 by failing to circulate his proposed decision for review and comment before rendering the final decision. The circuit court reversed the Secretary's decision on this ground, finding it unnecessary to reach the question of the sufficiency of the evidence. We granted the Secretary's motion for a direct appeal, pursuant to Supreme Court Rule 302(b). 103 Ill. 2d R. 302(b).

Donnelly was convicted of operating a motor vehicle while under the influence of alcohol, contrary to section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a).) As a result of the conviction, the Secretary suspended plaintiff's driver's license. Plaintiff then sought a restricted driving permit from the Secretary. After a hearing presided over by a hearing officer appointed by the Secretary, the hearing officer recommended against the issuance of the restricted driving permit. The Secretary adopted the hearing officer's findings, conclusions, and recommendations

and therefore denied plaintiff's request for a restricted driving permit.

Plaintiff sought review of the administrative decision in the circuit court. He argued that section 13 applied to the Secretary's decision in this case because the final administrative decision was made by persons or assistants unknown to him, who had neither heard the evidence presented at the hearing nor read the record made at the hearing. Therefore, plaintiff argued that the Secretary violated section 13 by failing to serve him with a copy of the proposed decision and by failing to allow him the opportunity to present exceptions to the proposed decision before it became final.

Plaintiff also argued before the circuit court that section 2.4 of the Secretary's internal policy procedures, which establishes a formal hearing review panel to review a hearing officer's proposed decisions, is a rule within the meaning of the Administrative Procedure Act. Plaintiff contended that since section 2.4 is a rule, it should have been promulgated in accordance with the rulemaking requirements of the Administrative Procedure Act.

The circuit court agreed that the Secretary was required to, but did not, comply with section 13 when making decisions on applications for restricted driving permits. The court also concluded that section 2.4 was a rule within the meaning of the Administrative Procedure Act, and that it had not been promulgated in accordance with that act's rulemaking requirements. Accordingly, the circuit court reversed the Secretary's decision and ordered that plaintiff be issued a restricted driving permit. The court stayed its order for 30 days pending appeal. This court granted the Secretary's petition for a direct appeal, and granted a stay of the circuit court's order pending appeal.

The sole issue before us in this case is whether section 13 of the Administrative Procedure Act applies to deci-

sions of the Secretary of State made pursuant to section 6—205(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c)). We agree with the Secretary's contention that section 13 does not apply in this case.

The Secretary argues that section 13 does not apply to final decisions rendered by the single head of an agency, since the language of the statute refers to multiple decision makers. Section 13 provides as follows:

> "Except where otherwise expressly provided by law, when in a contested case a majority of the officials of the agency who are to render the final decision has not heard the case or read the record, the decision, if adverse to a party to the proceeding other than the agency, shall not be made until a proposal for decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and to present a brief and, if the agency so permits, oral argument, to the agency officials who are to render the decision. The proposal for decision shall contain a statement of the reasons therefor and of each issue of fact or law necessary to the proposed decision, prepared by the persons who conducted the hearing or one who has read the record."

The circuit court, in concluding that section 13 does apply, based this conclusion on its finding that in reality it is the multiple members of the review panel, not the Secretary, that make the final decision on restricted driving permits. The circuit court based this finding on its interpretation of section 2.4 of the Secretary's internal policy procedures. Section 2.4, as it existed at the time of Donnelly's hearing, provided as follows:

> "*Formal Hearing Review Panel*
> All formal orders and recommendations are subject to review by a Formal Hearing Review Panel. It consists of three members of the Department staff on a rotating basis. The Panel will do one of the following in each case:
>
>     a) sustain the recommendation of the Hearing Officer;

b) reject and overturn the recommendation of the Hearing Officer; or

c) return the Order to the Hearing Officer for additional work or explanation of the recommendation.

The Panel will insure that all Findings and Recommendations from formal hearings have been fairly determined, in accordance with the Illinois Vehicle Code and Administrative Rules of the Department of Administrative Hearings, based upon the evidence presented, and to make recommendations to the Secretary of State for his decision on each recommendation of the Hearing Officer.

The Panel will review all Findings and Recommendations of the Hearing Officer prior to the Order being entered and mailed to the Petitioner, for the Secretary, who by law makes the final decision or his designee."

We disagree with the circuit court's finding that it is the review board, not the Secretary, that makes the final decision on whether to grant restricted driving permits. Section 2.4 of the Secretary's own internal operating procedures clearly states that the Secretary or his designee makes the final decision in these matters. Clearly the Secretary has the power and authority to appoint subordinates to assist him in making decisions. (*Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 248; *Umthun Trucking Co. v. Howlett* (1977), 45 Ill. App. 3d 868, 870.) The Secretary is entitled to a presumption that all his official acts are regular and in accordance with the law. (*Des Plaines Currency Exchange, Inc. v. Knight* (1963), 29 Ill. 2d 244, 249; *Watra, Inc. v. License Appeal Com.* (1979), 71 Ill. App. 3d 596, 601.) The record contains evidence presented by the Secretary indicating that the function of the review board is to maintain consistency among the numerous decisions regarding restricted driving permits issued by the Secre-

tary's office. There is no evidence in the record to support the theory that the Secretary abdicated his decision making authority to the review board. Therefore we conclude that the Secretary or his designee, acting in accordance with the Illinois Vehicle Code, makes the final decision on restricted driving permits.

Moreover, the circuit court erred in finding that section 2.4 of the Secretary's internal operating procedures was a rule that had not been promulgated in compliance with rulemaking requirements of the Administrative Procedure Act (see Ill. Rev. Stat. 1985, ch. 127, pars. 1004 through 1007). A "rule" is defined as an agency statement of general applicability that implements, applies, interprets, or prescribes law or policy. (Ill. Rev. Stat. 1985, ch. 127, par. 1003.09.) However, excluded from this definition are statements concerning only the internal management of an agency and not affecting private rights or procedures available to persons or entities outside the agency. (Ill. Rev. Stat. 1985, ch. 127, par. 1003.09.) Although this is a limited exception (*Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 179), section 2.4 clearly fits within it, since section 2.4 merely prescribes an internal method for maintaining consistency among the Secretary's decisions on restricted driving permits. The Administrative Procedure Act was not intended to apply to every agency explanation of existing policy to its employees. (*Mobil Oil Corp. v. Johnson* (1982), 93 Ill. 2d 126, 138.) Section 2.4 does not affect the private rights of persons who come before the Secretary seeking restricted driving permits, since the function of the review board is to maintain consistency among the Secretary's decisions. We therefore conclude that section 2.4 of the Secretary's internal operating procedures is not a rule within the meaning of the Administrative Procedure Act.

We turn now to the question of whether section 13 applies in this case, where the Secretary alone is the final decision maker. It is a basic tenet of statutory interpretation that the court's function is to give effect to the intention of the legislature. (*Interlake, Inc. v. Industrial Com.* (1983), 95 Ill. 2d 181, 192.) The legislature's intention is ascertained by giving the language of a statute its plain and ordinary meaning. (*People v. Steppan* (1985), 105 Ill. 2d 310, 317.) In addition, statutes should be construed so that language is not rendered meaningless or superfluous. *People v. Singleton* (1984), 103 Ill. 2d 339, 345.

By its plain language, section 13 applies only to situations where the *majority* of the *officials* of an agency who are to render the final decision have not heard the case or read the record. In the present case, there is only one agency official who is to render the final decision in each case, and that official is the Secretary. Therefore we conclude that section 13 does not control in this case.

In addition to the plain language of section 13, our conclusion is supported by the presumption that the legislature, in passing legislation, did not intend absurdity, inconvenience, or injustice. (*People v. Steppan* (1985), 105 Ill. 2d 310, 316; *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 561.) If the requirements of section 13, which include serving the proposed decision upon the parties, allowing parties to file exceptions and a brief, and allowing oral arguments before the Secretary, were applied to the many restricted driving permit applications processed by the Secretary each year, it would create an onerous burden for the Secretary and long delays for applicants. We cannot conclude that the legislature intended this result.

In reaching this result, we do not suggest that the Secretary is exempt from the requirements of due pro-

cess when processing applications for restricted driving permits. However, due process is flexible, and calls for such procedural protections as the particular situation demands. (*Scott v. Department of Commerce & Community Affairs* (1981), 84 Ill. 2d 42, 51.) In the case of restricted driving permit proceedings, this means that the Secretary or his designee may make a final decision without hearing the evidence in person, as long as the final decision maker has reviewed the findings, conclusions, and impressions of conflicting testimony conveyed by the hearing officer. See *Starkey v. Civil Service Com.* (1983), 97 Ill. 2d 91, 100; *Starnawski v. License Appeal Com.* (1981), 101 Ill. App. 3d 1050, 1053-54.

The judgment of the circuit court of Cook County is reversed and the cause is remanded to the circuit court for decisions on other issues not previously considered.

*Judgment reversed;*
*cause remanded.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.