JOHN C. TAYLOR, Plaintiff-Appellee, v. THE STATE UNIVERSITIES RETIREMENT SYSTEM, Defendant-Appellant.

Fourth District   No. 4—86—0895

Opinion filed August 31, 1987.—Rehearing denied September 17, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Bret A. Rappaport, Assistant Attorney General, of Chicago, of counsel), for appellant.

John F. Bramfeld, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff, an attorney, obtained an award for his client under the Workers' Occupational Diseases Act (Diseases Act) (Ill. Rev. Stat. 1985, ch. 48, par. 172.36 *et seq.*). His client had received disability benefits from the defendant State Universities Retirement System (SURS). According to the terms of section 15—153.1(c) of the Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 15—153.1(c)), SURS was entitled to reimbursement of benefits already paid out during the period covered by the Diseases Act award. Plaintiff informed SURS his efforts in pursuing a Diseases Act award had enabled SURS to reclaim the benefits and he was therefore entitled to a percentage of that recovery as his fee according to the "attorney trust fund doctrine." When SURS disagreed, plaintiff filed suit. The circuit court of Champaign County entered judgment in plaintiff's favor.

SURS appeals. We reverse.

Several issues are raised before us. The foremost substantive issue is whether the equitable "fund doctrine" allows for the recovery of attorney fees in this situation. SURS argues the doctrine, first announced with approval by our supreme court in *Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100, has since been strictly limited to class actions and insurance subrogation settings only. Plaintiff in turn relies on the equitable concept behind the doctrine itself: an attorney who performs services in creating a fund should "in equity and good conscience" be allowed compensation out of the fund from those who seek its benefit. 66 Ill. 2d 119, 124, 361 N.E.2d 1100, 1102.

Other points which concern jurisdiction are also argued on appeal. They include: (1) whether the plaintiff's complaint sounding in administrative review was timely filed; (2) whether any potential award for fees against SURS was barred because plaintiff did not bring his cause of action in the Court of Claims; and (3) whether a final administrative decision was ever even rendered.

In a footnote in its reply brief, SURS accedes to plaintiff's view that because the finality of an administrative decision issue was not raised before the trial court, then any argument concerning that point on appeal is waived. However, our review of the record indicates SURS did set forth this contention at the trial level. SURS's memorandum in support of its motion to dismiss, filed with the court on February 26, 1986, asserts lack of a final agency decision as contemplated within the meaning of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*).

■■■ In any event, while as a general rule issues raised for the first time on appeal may not be considered by a reviewing court (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872, 879), an objection to *jurisdiction* cannot be waived by a prior failure to assert it (*Carillo v. Jam Productions, Ltd.* (1983), 97 Ill. 2d 371, 454 N.E.2d 649). Judicial review of administrative decisions can only be undertaken when there is a final agency determination. (See Ill. Rev. Stat. 1985, ch. 110, par. 3—102.) We are always obligated to consider any court's authority to hear a matter, so we must initially determine according to the plaintiff's complaint whether a final agency decision amenable to judicial review has been rendered. We hold it has not.

In February of 1983, plaintiff's client Jess Burwell applied for and was granted disability benefits from SURS due to an occupational disability incurred while he was employed by the University of Illinois. Burwell also signed an agreement in which he promised to reimburse SURS the "full amount of overpayment of benefits" should he later qualify for a Diseases Act award. He then retained the plaintiff as his attorney to pursue an action under the Diseases Act against his former employer. That action was successful after arbitration and review by the Industrial Commission.

A check representing a portion of the award covering Burwell's claim against the University of Illinois was paid out to Burwell, the plaintiff, and SURS. In a letter dated August 15, 1985, plaintiff wrote SURS that by his efforts the University had been "forced" to pay an occupational disease award. Plaintiff notified SURS he was entitled under the "attorney's trust fund doctrine" to collect a *pro rata* share of his expenses plus 20% of the total amount of disability benefits originally paid out to Burwell, now to be recovered by SURS. Plaintiff claimed this amount to be his fee in recouping the money for SURS's benefit. Plaintiff states his authority for demanding a fee equal to 20% comes from section 16a(B) of the Diseases Act (Ill. Rev. Stat. 1985, ch. 48, par. 172.51a(B)).

David Hoffmeister, executive director of SURS, responded by letter dated August 22, 1985, that only recovery of the entire $6,954.66 paid out to Burwell in benefits would be acceptable. The letter threatened to withhold Burwell's pension for noncompliance. Hoffmeister enclosed the check endorsed by him on behalf of SURS with a demand for full repayment pursuant to section 15—153.1(c) of the Illinois Pension Code (Pension Code) (Ill. Rev. Stat. 1985, ch. 108½, par. 15—153.1(c)). That section states:

"(c) In determining the monthly benefits payable under this Article, a deduction shall be made equivalent to any benefits payable to any employee under any State or Federal Worker's Compensation or Occupational Diseases Acts for any period for which disability benefits are payable." (Ill. Rev. Stat. 1985, ch. 108½, par. 15—153.1(c).)

This statutory right of SURS to a setoff against any workers' compensation or Diseases Act award received by a covered employee during the same time period he also received disability benefits was upheld in *Hanson v. Board of Trustees of the State Universities Retirement System* (1983), 115 Ill. App. 3d 974, 451 N.E.2d 925.

By letter to Hoffmeister on August 23, 1985, plaintiff formally tendered the check fully endorsed. Plaintiff wrote that while he disagreed with SURS's position of demanding full repayment, he would do nothing that might jeopardize his client's pension. Plaintiff's correspondence continued:

"By tender of this check I am in no way acquiescing to your opinion, nor am I waiving my right to a 20% attorney fee under the 'attorney trust fund doctrine.' I intend to pursue litigation against the [SURS] for this fee and for a pro-rata percentage of the expenses advanced."

Plaintiff made good on that expressed intent on September 21, 1985, by filing a small claims complaint in the circuit court of Champaign County. On September 27, 1985, Hoffmeister informed plaintiff by letter his office had before it another case involving a contested entitlement to fees under the trust doctrine. Hoffmeister's letter explained he had asked for the Illinois Attorney General's assistance in resolving the matter of fees in workers' compensation and Disease Act offset cases.

On October 17, Hoffmeister informed plaintiff of an opinion circulated for the Attorney General's office which concluded any amounts payable to SURS under the offset provision of section 15—153.1 of the Pension Code were not subject to the equitable fund doctrine. That correspondence also enclosed an opinion letter written by an as-

sistant attorney general concerning a similar claim advanced by another attorney.

On December 23, 1985, plaintiff sought leave to amend his complaint by adding a second count specifically sounding in administrative review. The circuit court by docket entry dated January 9, 1986, dismissed the original complaint, allowed plaintiff to amend the complaint by adding count II, and transferred the matter to the law docket.

SURS's motion to dismiss the plaintiff's amended complaint was denied by the court. Plaintiff's motion for summary judgment was granted on November 20, 1986, the court entering judgment in the amount of $1,390.93.

Our examination of the record convinces us there has been no final administrative agency decision reviewable by the courts. Hoffmeister's letter of August 23, 1985, merely disputed plaintiff's claim to a percentage of the reimbursement as his fee and requested full repayment of all benefits. The letter written by Hoffmeister on October 17, 1985, only notified plaintiff during the pendency of his small claims action of an assistant attorney general's opinion denying another attorney's claim to fees. Hoffmeister is the executive director of SURS, but that in itself does not elevate letters written by him concerning contradicted claims to a final agency determination. Compare *Donnelly v. Edgar* (1987), 117 Ill. 2d 59, 509 N.E.2d 1015 (Secretary of State or his designee may make a final agency decision regarding applications for restricted driving permits, but only after a hearing is held with evidence fully presented, and where a record is made for purposes of reviewing conclusions rendered from conflicting testimony).

■ Administrative review encompasses judicial examination of a decision which fully terminates proceedings before an administrative body. The Administrative Review Law itself contemplates some sort of adversarial process involving the parties affected, where a hearing on controverted facts is held, and ultimately a disposition is rendered by an impartial officer. Only then will a final decision come out of an agency, with findings of fact and conclusions of law to be reviewed and a full record which may be surveyed by a court sitting in administrative review. (*Sturm v. Block* (1979), 72 Ill. App. 3d 306, 390 N.E.2d 912.) Hoffmeister and the plaintiff could in fact be considered adversaries here. One adversary may not reach a final decision affecting the rights of both.

Finally, section 15—188 of the Pension Code provides the Administrative Review Law shall apply to judicial review of final administra-

ive decisions rendered by the board of trustees of SURS. (Ill. Rev. Stat. 1985, ch. 108½, par. 15—188.) This matter was never submitted to a board of trustees.

For these reasons, the defendant's motion to dismiss the plaintiff's complaint purporting to sound in administrative review should have been granted. The court lacked jurisdiction to entertain the complaint. Given our resolution of this issue, we need not consider the remaining contentions raised.

The judgment of the circuit court of Champaign County is reversed, and the cause is dismissed.

Reversed and cause dismissed.

GREEN and McCULLOUGH, JJ., concur.