560 N.E.2d 893 (1990)
203 Ill. App.3d 513
148 Ill.Dec. 296
John C. TAYLOR, Plaintiff-Appellee and Cross-Appellant,
v.
STATE UNIVERSITIES RETIREMENT SYSTEM, a public corporation, Defendant-Appellant and Cross-Appellee.
No. 4-89-0468.
Appellate Court of Illinois, Fourth District.
July 12, 1990.
Rehearing Denied October 31, 1990.
*894 Neil F. Hartigan, Atty. Gen., Chicago, Robert J. Ruiz, Sol. Gen. and Robert Toews, Asst. Atty. Gen., for defendant-appellant and cross-appellee.
John F. Bramfeld, Phebus, Tummelson, Bryan & Knox, Urbana, for plaintiff-appellee and cross-appellant.
Presiding Justice KNECHT delivered the opinion of the court:
The State Universities Retirement System (SURS) appeals a circuit court order holding it is liable for attorney fees with respect to a recoupment of disability benefits which it obtained. The attorney who requested payment of the fees cross-appeals the portion of the same order which holds the circuit court lacks jurisdiction to order SURS to pay him the fees, and his only recourse for obtaining payment of the fees is an action in the Illinois Court of Claims.
Between April 1, 1983, and September 30, 1983, Jess Burwell received SURS disability benefits totalling $6,954.66. Subsequently, in proceedings before the Industrial Commission, Burwell obtained a judgment against the University of Illinois in the amount of approximately $12,500. This judgment was entered pursuant to the Workers' Occupational Diseases Act (Ill. Rev.Stat.1987, ch. 48, pars. 172.36 through 172.62), and it represented compensation for the same disability as to which Burwell received SURS disability benefits. Burwell's attorney in the proceedings before the Industrial Commission was John C. Taylor, who is the plaintiff in the present action.
*895 On August 15, 1985, Taylor notified SURS of his success in obtaining the Occupational Diseases Act award on Burwell's behalf. Along with that letter, Taylor enclosed a check payable to SURS, Burwell, and Taylor in the amount of $6,954.66. Taylor stated he was entitled to 20% of this amount, or approximately $1,390, for his attorney fees pursuant to the "attorney's trust fund doctrine." He requested SURS endorse the check and return it to him.
David Hoffmeister, SURS' executive director, responded to Taylor's letter on August 22, 1985. He stated section 15-153.1(c) of the Illinois Pension Code (Code) (Ill. Rev.Stat.1987, ch. 108½, par. 15-153.1(c)) provides SURS with a right to reimbursement of the disability benefits it paid Burwell from Burwell's Occupational Diseases Act award. Hoffmeister maintained this legislation does not provide for a reduction of SURS' reimbursement to account for attorney fees. Therefore, Hoffmeister demanded the entire $6,954.66 be remitted to SURS. Pursuant to section 15-185 of the Code (Ill.Rev.Stat.1987, ch. 108½, par. 15-185), Hoffmeister threatened to withhold any future SURS benefits payable to Burwell or his beneficiary if Taylor did not comply with this request.
On August 23, 1985, Taylor paid SURS the full amount which it requested. However, Taylor stated he was doing so under protest and would "pursue litigation against the SURS" for his fee.
On September 26, 1985, Taylor filed a small claims complaint against SURS. On January 9, 1986, the circuit court dismissed Taylor's small claims count, but granted Taylor leave to amend his complaint by adding a second count requesting administrative review of SURS' denial of Taylor's claim for fees.
SURS subsequently filed a motion requesting dismissal of Taylor's administrative review count for lack of jurisdiction. SURS alleged (1) Taylor had not exhausted his administrative remedies, and (2) Taylor requested a money judgment against the State, in violation of the doctrine of sovereign immunity. On August 7, 1986, the court denied SURS' motion to dismiss the administrative review count. On November 28, 1986, the circuit court granted Taylor's motion for summary judgment and ordered SURS to pay him $1,390.93. SURS appealed this decision.
On appeal, this court held the circuit court lacked jurisdiction to entertain Taylor's complaint in administrative review because there had been no final administrative decision. This court reversed the circuit court's judgment and dismissed the cause. Taylor v. State Universities Retirement System (1987), 159 Ill.App.3d 372, 111 Ill.Dec. 283, 512 N.E.2d 399.
Taylor subsequently requested an administrative decision by SURS' Board of Trustees regarding his claim for attorney fees. Because there were no factual questions, the matter was immediately referred to the executive committee of SURS' Board of Trustees for decision. In an order entered December 4, 1987, the executive committee denied Taylor's claim for fees. The executive committee based its decision in part on a reimbursement agreement signed by Burwell, which contained the following language:
"I understand that disability benefits payable by the State Universities Retirement System must be offset by workmen's compensation and occupational disease payments, and if I subsequently qualify for such payments, I agree to reimburse the State Universities Retirement System for the full amount of the overpayment of disability benefits within 60 days after receipt of the workmen's compensation or occupational disease payments."
As an additional basis for its decision, the executive committee cited the lack of any statutory provision for payment of attorney fees in this type of situation.
On December 18, 1987, Taylor filed a complaint for administrative review of the SURS executive committee's decision. On May 16, 1988, SURS filed a motion to dismiss based on an alleged lack of subject-matter jurisdiction. SURS contended Taylor was seeking a money judgment against the State, in violation of the doctrine of sovereign immunity.
*896 On August 31, 1988, the circuit court dismissed Taylor's complaint for administrative review on the ground Burwell was a necessary party and had not been named as a defendant. The court granted Taylor leave to amend in order to add Burwell as a party. On September 7, 1988, Taylor amended his complaint by adding Burwell as a nominal party defendant, against whom he requested no specific relief. SURS subsequently adopted its previously filed pleadings.
In a memorandum opinion and order filed March 29, 1989, the court considered the issues raised in SURS' motion to dismiss and concluded it had jurisdiction over the proceeding under the Administrative Review Law (Ill.Rev.Stat.1987, ch. 110, par. 3-101 et seq.), because SURS had made a final administrative decision. The court further found SURS did not have specific statutory authority to seek reimbursement from Burwell of the disability benefits it had paid him, but in effect held SURS had implied authority to take such action because of the manifest legislative intent of preventing double recoveries of disability benefits in the form of both SURS disability payments and Occupational Diseases Act awards. Because of the lack of direct statutory authority for SURS obtaining reimbursement of disability benefits under the facts of this case, the court held SURS' claim for reimbursement is analogous to an insurance subrogation claim. Therefore, the court concluded the "attorney trust fund" doctrine is applicable to this case and held SURS is liable to Taylor for attorney fees. Finally, the court held it could not order SURS to pay Taylor the attorney fees to which he is entitled, because that would amount to a money judgment against the State. The court concluded Taylor would have to pursue his claim for payment of attorney fees in the Illinois Court of Claims.
SURS contends the portion of the circuit court decision holding it liable to Taylor for attorney fees is erroneous, because SURS has no authority, express or implied, to pay attorney fees in this type of situation. SURS states in contrast to the legislation concerning reimbursement of SURS disability benefits (Ill.Rev.Stat.1987, ch. 108½, par. 15-153.1(c)), other legislation pertaining to disability benefits, such as the Workers' Compensation Act and Occupational Diseases Act, specifically provides for the payment of attorney fees from amounts recovered thereunder. (Ill.Rev.Stat.1987, ch. 48, pars. 138.16a, 172.51a.) SURS asserts an award of attorney fees in the type of situation here present would contravene the purposes of the relevant legislation by permitting employees in Burwell's circumstances to obtain double disability benefits, at least in an amount equal to attorney fees. SURS concludes if the legislature had intended to permit recovery of attorney fees in this type of situation, it would have included explicit language to that effect in the relevant statutes.
Also, SURS argues that contrary to the circuit court's holding, there is statutory authorization for it to recoup disability payments which it has already made. For this reason, SURS argues its claim for reimbursement of the disability benefits which it paid Burwell is not analogous to an insurance subrogation claim. Rather, SURS argues its claim is in the nature of a statutory lien on the overpayment of disability benefits which Burwell received. SURS contends authority to impose and collect on such a lien may be inferred as an incident of its express authority to deduct Occupational Diseases Act awards from the future disability benefits of persons in Burwell's situation. (See Ill.Rev.Stat.1987, ch. 108½, pars. 15-153.1(c), 15-185.) Finally, SURS asserts the attorney's common-fund doctrine has never been utilized to provide a basis for an award of attorney fees against an administrative agency which has acted according to law, and the doctrine has been applied to governmental agencies only where an officer of the agency has committed an illegal act.
Taylor expressly declines to present an argument as to the issue of whether SURS is authorized by statute to recoup disability benefits under the facts of this case. Taylor states he seeks only to "assert the primacy of the attorney's lien" over SURS' recoupment rights. He asserts the attorney's *897 common-fund doctrine applies to this case because there was a fund within the control of the court from which attorney fees could be paid. Taylor states although the vast majority of cases in which the common-fund doctrine has been applied were insurance subrogation or class action cases, no court has expressly limited the applicability of the doctrine to such cases. Taylor further contends the disability benefits which SURS pays are in the nature of insurance, and therefore, the common-fund doctrine should apply to the recoupment of disability benefits by SURS to the same extent as it applies to other insurance subrogation situations.
Taylor also argues public policy considerations support a conclusion SURS should pay its fair share of attorney fees with respect to recoupment of disability benefits. Taylor asserts allowing no attorney fee awards in situations such as this would create a disincentive for recipients of SURS disability benefits to seek compensation for their injuries from other sources.
Before addressing the merits, we must consider our jurisdiction to adjudicate this appeal. This case had its origin in an administrative proceeding before SURS, and SURS' decision was appealed to the circuit court pursuant to the administrative review provisions of the Code of Civil Procedure. (Ill.Rev.Stat.1987, ch. 110, pars. 3-101 through 3-112.) The issue is whether the plaintiff is entitled to payments which have been withheld by SURS, which is a State agency. Therefore, SURS' decision is reviewable in an administrative review action (Campbell v. Department of Public Aid (1975), 61 Ill.2d 1, 329 N.E.2d 225), and we have jurisdiction to decide the issues presented by this appeal on their merits. This would not be true if the present action were not an administrative review proceeding and had instead originated as an action in the circuit court seeking money damages or injunctive relief. Because they might subject the State to monetary liability, such actions can only be brought in the Court of Claims. Ellis v. Board of Governors (1984), 102 Ill.2d 387, 80 Ill.Dec. 750, 466 N.E.2d 202.
Taylor does not assert SURS had no right to recoup the disability benefits which it paid Burwell. Thus, for purposes of this appeal, we need only decide whether Taylor has a right to payment of attorney fees with respect to the amount of Burwell's Occupational Diseases Act benefits which SURS recouped.
Under the common-fund doctrine, "an attorney who performs services in creating a fund should in equity and good conscience be allowed compensation out of the whole fund from all those who seek to benefit from it." (Baier v. State Farm Insurance Co. (1977), 66 Ill.2d 119, 124, 5 Ill.Dec. 572, 574, 361 N.E.2d 1100, 1102.) In order to obtain a judgment for attorney fees under this doctrine, it is necessary for an attorney to establish that (1) the fund with respect to which fees are sought was created as a result of legal services performed by the attorney; (2) the claimant or holder of the fund did not participate in its creation; and (3) the claimant or holder of the fund benefited or will benefit from it. Tenney v. American Family Mutual Insurance Co. (1984), 128 Ill.App.3d 121, 83 Ill.Dec. 251, 470 N.E.2d 6; Smith v. Marzolf (1980), 81 Ill.App.3d 59, 36 Ill.Dec. 369, 400 N.E.2d 949.
Taylor's claim for attorney fees fulfills all of the above requirements. Taylor's efforts and his efforts alone resulted in Burwell obtaining the award of benefits under the Occupational Diseases Act from which SURS recouped the disability benefits which it had previously paid Burwell; SURS did not in any way participate in the creation of that fund. And SURS definitely benefited from the creation of that fund by obtaining a recoupment of $6,954.66, which it would not have received absent the fund's creation.
SURS argues an additional requirement for application of the common-fund doctrine is a fund under the control of the court from which attorney fees can be paid. An examination of the cases in which the common-fund doctrine has been applied reveals no such requirement has been universally imposed as a prerequisite to application *898 of the doctrine. For instance, in Baier, a leading supreme court case dealing with application of the common-fund doctrine in the context of insurance subrogation claims, the fund with respect to which fees were sought was paid directly to the insurer which asserted a subrogation claim. Thereafter, the attorney whose efforts created the fund filed a separate action against the insurer requesting payment of fees pursuant to the common-fund doctrine. At that time, there was no fund under the control of the court from which the fees which the plaintiff sought could have been paid. The supreme court nevertheless held the common-fund doctrine applied to the plaintiff's claim for fees. Under the facts of this case, we perceive no reason for imposing a requirement that there be a fund under court control in order for attorney fees to be paid pursuant to the common-fund doctrine.
We must next determine whether the facts of this case are so different from those of cases in which the common-fund doctrine has been applied as to preclude Taylor from recovering fees under the doctrine. Awards of attorney fees pursuant to the common-fund doctrine have been made in insurance subrogation cases (see Baier, 66 Ill.2d 119, 5 Ill.Dec. 572, 361 N.E.2d 1100), and in cases brought on behalf of governmental units or governmental officials against other governmental units which result in diversion of tax revenues from one unit of government to another. (E.g., Flynn v. Kucharski (1974), 59 Ill.2d 61, 319 N.E.2d 1; Board of Education of Community Unit School District No. 303 v. County Board of Kane (1976), 35 Ill.App.3d 684, 342 N.E.2d 223.) The present case is quite similar to an insurance subrogation action; the only significant difference is the entity which asserted subrogation rights is a State agency rather than a privately owned insurance company. This distinction, as well as the fact that SURS' subrogation rights have to at least some extent a statutory origin, is not sufficient to remove the present case from the class of cases to which the common-fund doctrine applies.
SURS states that in no previous case has the common-fund doctrine been applied against an administrative agency which acted according to law. This is only a partially correct statement, for the doctrine has been applied in cases involving elected officials who acted pursuant to validly enacted statutes which were later declared unconstitutional. (DeBruyn v. Elrod (1983), 121 Ill.App.3d 290, 76 Ill.Dec. 836, 459 N.E.2d 971.) In any event an administrative agency's actions, taken in compliance with the law, and which result in a claim for attorney fees, do not preclude application of the common-fund doctrine against the agency if all conditions for application of the doctrine are present.
As SURS points out, there is no explicit statutory authority for application of the common-fund doctrine to recoupments of disability benefits which SURS obtains. Administrative agencies have, in addition to the powers conferred upon them by explicit statutory language, the power to do all which is reasonably necessary to effectuate the powers and authorities explicitly granted to them. Ted Sharpenter, Inc. v. Illinois Liquor Control Comm'n (1986), 148 Ill.App.3d 936, 102 Ill.Dec. 112, 499 N.E.2d 669.
Section 15-153.1 of the Code provides in pertinent part:
"(c) In determining the monthly [State University Retirement System disability] benefits payable under this Article, a deduction shall be made equivalent to any benefits payable to any employee under any State or Federal Worker's Compensation or Occupational Diseases Acts for any period for which disability benefits are payable." (Ill.Rev.Stat.1987, ch. 108½, par. 15-153.1(c).)
Section 15-185 of the Code provides in part:
"Annuities and other benefits payable under this Article and all accumulated credits of employees in this system shall be unassignable and shall not be subject to execution, garnishment or attachment. The board, however, may deduct from the benefits and credits, amounts owed by the participant or annuitant to the *899 system." (Ill.Rev.Stat.1987, ch. 108½, par. 15-185.)
The purpose of this legislation is to prevent SURS participants from obtaining double recoveries of disability benefits (Hanson v. Board of Trustees of State Universities Retirement System (1983), 115 Ill.App.3d 974, 71 Ill.Dec. 771, 451 N.E.2d 925) and to facilitate recoupment of SURS disability benefits to the extent an SURS participant is eligible for workers' compensation or occupational diseases benefits for a period of time for which he or she received SURS benefits.
Holding the common-fund doctrine is inapplicable to recoupments of disability benefits by SURS would, in at least some instances, destroy any incentive SURS participants might have to apply for workers' compensation or occupational diseases benefits and, thus, thwart the manifest legislative goal of conserving the SURS' funds available for payment of disability benefits. Assume, for instance, SURS pays a participant disability benefits totalling $14,000, and the participant ultimately obtains a workers' compensation award of $15,000 for the same time period for which he or she received SURS benefits. Under these facts, $14,000 of the workers' compensation award would have to be paid to SURS. Assuming a 20% contingent-fee agreement, the injured worker's attorney would be entitled to the remaining $1,000. (See Ill.Rev. Stat.1987, ch. 48, pars. 138.16a(B), (I).) At least some recipients of SURS disability benefits would not be willing to file a Workers' Compensation Act or Occupational Diseases Act claim which would result in no net benefit to them. Thus, payment by SURS of attorney fees with respect to recoupments of disability benefits it receives is an action reasonably necessary to effectuate the powers conferred on SURS to conserve its funds available for payment of disability benefits and recoup previously paid disability benefits from other sources of disability benefits available to SURS participants.
As SURS observes, in Wargo v. State Universities Retirement System (1982), 106 Ill.App.3d 930, 62 Ill.Dec. 719, 436 N.E.2d 745, this court held SURS does not have authority to determine who is eligible to participate in the system. However, SURS having the power to determine the eligibility of participants is not essential to SURS carrying out any functions prescribed or contemplated by the legislation pertaining to it.
We also find no merit in SURS' contention that, because its right to recoup from Burwell's Occupational Diseases Act award the disability benefits it previously paid him may be in the nature of a statutory lien, Taylor is somehow precluded from obtaining payment of attorney fees with respect to the amount of SURS' recoupment. The possible existence of a lien on Burwell's occupational diseases award does not preclude Taylor from obtaining a fee for his services in procuring the portion of that award which SURS recouped. Under the common-fund doctrine, Taylor's fees do not have to be paid from the same funds which SURS recouped. Therefore, payment of the fees which Taylor requests would not be precluded by the priority of any SURS lien on the amount of Taylor's Occupational Diseases Act award which SURS recouped.
SURS states a decision favorable to Taylor would result in a double recovery of disability benefits, at least in the amount of the attorney fees which Taylor claims. This simply is not true. The entire amount of the fees which Taylor recovers will go to Taylor; no portion of this amount will represent a double recovery of disability benefits on the part of Burwell.
SURS also suggests it may be able to recoup any fees which Taylor is awarded in this proceeding from any future SURS benefits to which Burwell becomes entitled. This question is not directly presented by the record in this cause, and we decline to address it.
We recognize, as SURS points out, the common-fund doctrine is to be applied with caution (see Tenney, 128 Ill.App.3d 121, 83 Ill.Dec. 251, 470 N.E.2d 6), but as previously noted, this case is virtually identical to the typical insurance subrogation case to which the doctrine is fully applicable. We *900 conclude the circuit court properly held SURS is liable for the attorney fees which Taylor claims.
We must finally consider whether the circuit court erred in holding Taylor's only recourse for obtaining payment of the attorney fees which he seeks is an action in the Illinois Court of Claims. Taylor asserts that because he paid the amount of the recoupment which SURS requested to SURS' executive director under protest, with a statement claiming a portion of the money under the common-fund doctrine, the executive director became trustee of the money. Taylor asserts that the money thereafter constructively remained in the hands of the executive director as trustee, regardless of where it was actually placed. Thus, argues Taylor, the circuit court judgment in his favor is a judgment against SURS as trustee of the disputed fund.
SURS maintains a circuit court money judgment against SURS, in the amount of the fees which Taylor claims, would violate the doctrine of sovereign immunity. SURS asserts that, unlike in cases in which sums which the State owes a party are recouped by means of tax credits, Taylor seeks to recover a sum of money from a State agency.
As we have previously noted, in administrative review proceedings a court may hold an individual is entitled to payment of sums which a department of State government has improperly withheld. A court may not, however, enter a money judgment against the State in such a proceeding. (Campbell, 61 Ill.2d 1, 329 N.E.2d 225.) The proper forum for obtaining a money judgment against a State agency payable out of State funds is the Court of Claims. Aurora National Bank v. Simpson (1983), 118 Ill.App.3d 392, 73 Ill.Dec. 883, 454 N.E.2d 1132.
In this case, the sole defendant is SURS, and Taylor does not dispute SURS is a State agency. SURS' executive director is not a party to this action; thus, a money judgment could not be entered against him in his individual capacity even if he were still trustee of the fund with respect to which Taylor seeks payment of fees. Under the facts of this case, any money judgment would have to be paid from funds in the State treasury. The circuit court properly held Taylor's only recourse for obtaining payment of the attorney fees to which he is entitled is an action in the Court of Claims.
Shell Oil Co. v. Department of Revenue (1983), 95 Ill.2d 541, 70 Ill.Dec. 191, 449 N.E.2d 65, cited in support of Taylor's argument as to this issue, is factually distinguishable from the present case. There, the State Treasurer, whom the court held was trustee of the disputed funds, was a party to the action. Moreover, Shell Oil was to recoup interest earned on a tax protest fund by means of credit memoranda issued by the Department of Revenue. No money judgments against the State or a State agency were involved.
The order of the circuit court holding SURS is liable to Taylor for attorney fees, but Taylor must obtain payment of the fees by means of an action in the Court of Claims, is affirmed.
Affirmed.
SPITZ and GREEN, JJ., concur.