(No. 91-CC-3235-

JOHN C. TAYLOR LAW OFFICE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 18, 1992.*

*Order filed April 1, 1993.*

PHEBUS, TUMMELSON, BRYAN & KNOX, for Claimant.

ROLAND W. BURRIS, Attorney General (LAWRENCE C. RIPPE, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

This cause comes on to be heard on the Claimant's motion for summary judgment or, in the alternative, judgment on the pleadings, and the Respondent's motion to dismiss, due notice having been given, and the Court

being advised, finds:

The underlying facts of this case are reported in *Taylor v. State Universities Retirement System*, 203 Ill. App. 3d 513, and need not be reiterated here. Claimant filed the action at bar to recover based on the liability found by the circuit court of the county of Champaign and affirmed by the appellate court of the fourth district.

The Respondent moved for dismissal on the grounds that the claim is barred by the statute of limitations. It is the Respondent's position that the cause of action accrued no later than August 23, 1985, when the Respondent was tendered the repayment of disability benefits.

For the reasons stated in Claimant's objection to the motion, the motion to dismiss will be denied. The cause of action at bar sounds in enforcement of decisions on administrative review by the circuit and appellate courts and the mandate did not issue until March 5, 1991. The complaint in the case here was filed April 26, 1991. To argue otherwise, that the cause of action accrued on August 23, 1985, is to argue in effect that the other court system had no jurisdiction. This issue was fully litigated and decided in the Claimant's favor.

As for the Claimant's motion, we find that there are no material issues of fact and that Claimant is entitled to judgment as a matter of law on the issue of liability. As for the amount of liability, the record is insufficient for the Court to make a determination. The appellate court decision did not affirm liability for a specific amount. The record only shows what the Claimant's demand was. If, after this decision, the parties are unable to agree on an amount, the Court will hold a hearing and order the Respondent to pay the amount the Court finds due.

It is hereby ordered that the motion to dismiss is denied and the Claimant's motion is granted as to liability only.

## ORDER

PATCHETT, J.

This cause comes before the Court on the parties' joint stipulation for settlement which states:

This claim arises from Claimant's representation of Jess Burwell against the University of Illinois in which the State Universities Retirement System claimed subrogation in the amount of $6,954.66.

The parties have investigated this claim, and have knowledge of the facts and law applicable to the claim, and are desirous of settling this claim in the interest of peace and economy.

Both parties agree that an award of $1,390.93 is both fair and reasonable. This sum represents 20% of $6,954.66.

Claimant agrees to accept, and Respondent agrees to pay Claimant, $1,390.93 in full and final satisfaction of this claim and any other claims against Respondent arising from the events which gave rise to this claim.

The parties hereby agree to waive hearing the taking of evidence and the submission of briefs.

This Court is not bound by such an agreement but it is also not desirous of creating or prolonging a controversy between parties who wish to settle and end their dispute. Where, as in the instant claim, the agreement appears to have been entered into with full knowledge of the facts and law and is for a just and reasonable amount,

we have no reason to question or deny the suggested award.

It is hereby ordered that the Claimant be awarded $1,390.93, in full and final satisfaction of this claim.